[No. B077217. Second Dist., Div. Three. May 25, 1995.]

OPERATING ENGINEERS PENSION TRUST et al., Plaintiffs and Appellants, v.
INSURANCE COMPANY OF THE WEST, Defendant and Respondent.

**COUNSEL**

Jett & Laquer and Wayne Jett for Plaintiffs and Appellants.

Potter & Taylor and William R. Potter for Defendant and Respondent.

**OPINION**

**KLEIN, P. J.**—Plaintiffs and appellants Operating Engineers Pension Trust, Operating Engineers Health and Welfare Fund, Operating Engineers Vacation-Holiday Savings Trust and Operating Engineers Training Trust (the Trusts) appeal a judgment following a grant of summary judgment in favor of defendant and respondent Insurance Company of the West (West).

The Trusts seek to collect on certain payment and performance bonds to recover unpaid fringe benefit contributions, based on the theory they are third party beneficiaries of the bonds. The issue presented is whether this state law claim by the Trusts is barred by the Employee Retirement Income Security Act of 1974 (ERISA). (29 U.S.C. § 1001 et seq.)

We conclude the Trusts' third party beneficiary claim (Civ. Code, § 1559) is preempted because it supplements the remedy provided by ERISA. (*Carpenters Health & Welfare Tr. F.* v. *Tri Capital* (hereafter *Tri Capital*) (9th Cir. 1994) 25 F.3d 849, 853-854, cert. den. ___ U.S. ___ [130 L.Ed.2d 495, 115 S.Ct. 580].) The judgment therefore is affirmed.

### FACTUAL AND PROCEDURAL BACKGROUND

The Trusts are express trusts created to receive employer contributions under written collective bargaining agreements among the International Union of Operating Engineers, Local Union No. 12 (the Union) and certain employer associations in the construction industry in Southern California.

West issued various payment and performance bonds in connection with construction projects, both public and private, upon which Wm. Kirchavny

Construction, Inc. (Kirchavny) was the general contractor.[1] Kirchavny's collective bargaining agreement with the Union required Kirchavny to make fringe benefit payments to the Trusts based on each hour worked by the employees. Kirchavny failed to make required payments and became insolvent.

On March 31, 1992, the Trusts initiated a complaint against West to collect on the bonds the amounts due, to which West filed a general denial. West pled numerous affirmative defenses, including ERISA preemption.

The Trusts then moved for summary judgment to recover $28,077.39 in unpaid contributions. The Trusts contended they were entitled "to make claims as [third party] beneficiaries of Kirchavny's construction bonds," and the remedy of recovery on the bonds was not preempted by ERISA.

On June 7, 1993, the trial court denied the Trusts' motion and instead, granted summary judgment in favor of West, ruling the claims were preempted by ERISA.

The Trusts appealed.

## CONTENTIONS

The essence of the Trusts' argument is that their action to recover on the subject payment and performance bonds as third party beneficiaries thereof is not preempted by ERISA.

## DISCUSSION

1. *Overview of ERISA preemption.*

    a. *General principles.*

■ ERISA is a comprehensive federal statutory scheme designed to promote the interests of employees and their beneficiaries in employee benefit plans. (*Carpenters So. Cal. Admin. Corp.* v. *El Capitan Development Co.* (hereafter, *El Capitan*) (1991) 53 Cal.3d 1041, 1047 [282 Cal.Rptr. 277, 811 P.2d 296], cert. den. 502 U.S. 963 [116 L.Ed.2d 450, 112 S.Ct. 430].)

ERISA's preemption clause, section 514(a), provides: "[T]he provisions of this subchapter and subchapter III of this chapter shall supersede any and

---

[1]Kirchavny is not a party to this appeal.

all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title." (29 U.S.C. § 1144(a).)

ERISA defines the terms used in its preemption provision as follows: "(1) The term 'State Law' includes all *laws, decisions, rules, regulations*, or other State action having the effect of law, of any State. . . . [¶] (2) The term 'State' includes a State, any political subdivisions thereof, or any agency or instrumentality of either, which purports to regulate, directly or indirectly, the terms and conditions of employee benefit plans covered by this subchapter." (29 U.S.C. § 1144(c), italics added.)

The United States Supreme Court has recognized ERISA preemption is " 'conspicuous for its breadth,' " and that its " 'deliberately expansive' language was 'designed to "establish pension plan regulation as exclusively a federal concern." ' " (*Ingersoll-Rand* v. *McClendon* (1990) 498 U.S. 133, 138 [112 L.Ed.2d 474, 483, 111 S.Ct. 478].) A law relates to an employee benefit plan " 'if it has a connection with or reference to' " such a plan. (*Id.*, at p. 139 [112 L.Ed.2d at p. 484].) A state law may " 'relate to' " a benefit plan, and thereby be preempted, even if the law is not specifically designed to affect such plans, or if the effect is only indirect. (*Ibid.*)

    b.   *Survey of California state remedies which have been held to be preempted.*

To guide us in the determination of whether the Trusts' third party beneficiary claim is preempted by ERISA, we examine case law concerning ERISA preemption of various California remedies.

    (1)   *Mechanic's lien remedy under California Civil Code section 3111 to recover delinquent contributions preempted by ERISA.*

In *El Capitan*, a construction subcontractor failed to make fringe benefit contributions to various multiemployer trust funds in accordance with a collective bargaining agreement. The trust fund administrator recorded mechanics' liens on the real property pursuant to Civil Code section 3111 to collect the delinquent contributions and it later sued to foreclose on the liens. (*El Capitan, supra*, 53 Cal.3d at pp. 1045-1046.)[2]

The California Supreme Court held Civil Code section 3111 is preempted by ERISA because the statute "specifically purports to regulate employee

---

[2]Civil Code section 3111 provides: "For the purposes of this chapter, an express trust fund established pursuant to a collective bargaining agreement to which payments are required to

benefit plans by providing an additional method of funding, a lien against real property, which is not provided by, and therefore is not allowed under, ERISA. In essence, section 3111 creates a new state cause of action for the collection of contributions owed to benefit plans and makes an additional entity liable for such contributions." (*El Capitan, supra,* 53 Cal.3d at p. 1052.)

El Capitan explained ERISA preempts new state law causes of action for the collection of contributions because, consistent with its goal of providing appropriate sanctions and ready access to federal courts (29 U.S.C. § 1001(b)), ERISA itself provides the remedies for the collection of contributions. (*El Capitan, supra,* 53 Cal.3d at p. 1052.)

Section 502(a) of ERISA, 29 United States Code section 1132(a)(3), states "[a] civil action may be brought— . . . [¶] (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." (See *El Capitan, supra,* 53 Cal.3d at p. 1052.)

Further, section 515 of ERISA, 29 United States Code section 1145, pertaining to delinquent contributions provides: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such an agreement." Therefore, a participant, beneficiary or fiduciary can bring an action under section 502(a) of ERISA (29 U.S.C. § 1132(a)) to enforce an employer's obligations under section 515 of ERISA (29 U.S.C. § 1145). (*El Capitan, supra,* 53 Cal.3d at pp. 1052-1053.)

*El Capitan* found the mechanic's lien action under Civil Code section 3111 was, in effect, a civil action by a fiduciary to enforce the provisions of ERISA with regard to employer contributions and to enforce the terms of the plan, i.e., the funding contributions required by the collective bargaining agreement. (*El Capitan, supra,* 53 Cal.3d at p. 1054.) The action was barred because state laws "may not be used to supplement or supplant the civil enforcement scheme developed by ERISA." (*Ibid.*)

be made on account of fringe benefits supplemental to a wage agreement for the benefit of a claimant on particular real property shall have a lien on such property in the amount of the supplemental fringe benefit payments owing to it pursuant to the collective bargaining agreement."

### (2) *California stop notice remedy also preempted.*

California's stop notice statutes,[3] as they pertain to trust funds established pursuant to collective bargaining agreements, also are preempted by ERISA. (*Carpenters Health & Welfare Trust Fund* v. *Developers Ins. Co.* (hereafter, *Developers Ins.*) (1992) 11 Cal.App.4th 1539, 1545-1547 [15 Cal.Rptr.2d 85], review den.; *Tri Capital, supra*, 25 F.3d at pp. 853-854, fn. 5, cert. den.)

In *Tri Capital*, the Ninth Circuit held the trust funds were barred from utilizing the California stop notice remedy to enforce the terms of a plan. It reasoned ". . . the California statute supplements a remedy already provided by ERISA: civil suits under 29 U.S.C. § 1132(a)(3) to enforce plans' rights to contributions under 29 U.S.C. § 1145." (*Tri Capital, supra*, 25 F.3d at p. 854.)

*Developers Ins.* similarly concluded, ". . . the stop notice procedure, like the lien procedure [of Civil Code section 3111], regulates ERISA plans by creating a funding mechanism not provided by Congress (i.e., a hold on construction loan moneys). It creates a new state cause of action for the collection of contributions owed to benefit plans and makes an additional entity liable for such contributions." (*Developers Ins., supra*, 11 Cal.App.4th at p. 1546.)

### (3) *Action on contractor's bond under California Business and Professions Code section 7071.5 also preempted.*

Business and Professions Code section 7071.5, provides the bond required to be maintained by a licensed contractor shall be for the benefit of, inter alia, "[a]ny express trust fund, . . . damaged as the result of the licensee's failure to pay fringe benefits for eligible employees represented by the union which is signatory to the collective-bargaining agreement." (Bus. & Prof. Code, § 7071.5, subd. (d).)

This provision for the enforcement of fringe benefit contributions similarly has been held to be preempted "because ERISA provides its own collection mechanisms." (*Carpenters Health & Welfare Trust Fund* v. *Surety Co.* (1993) 13 Cal.App.4th 1406, 1411 [18 Cal.Rptr.2d 661].)

---

[3]The stop notice procedures set forth in Civil Code section 3156 et seq. apply to private works while those found at Civil Code section 3179 et seq. apply to public works. Upon receipt of a stop notice, the owner or public entity has a duty to withhold certain funds from the contractor. (Civ. Code, §§ 3161, 3186.)

     (4)   *Third party beneficiary claim under Civil Code section 1559 to enforce rights of trust funds likewise preempted.*[4]

In *Tri Capital*, which is directly on point, the Ninth Circuit examined whether ERISA preempts an attempt under a third party beneficiary theory to enforce a plan's right to collect delinquent fringe benefit contributions.

In *Tri Capital*, multiemployer benefit plans brought an action against the construction lender and general contractor, seeking recovery of the subcontractors' unpaid plan contributions. (*Tri Capital, supra*, 25 F.3d at p. 851.) The subcontract between the general contractor and the subcontractor provided " '[l]abor benefits will be paid under a joint check agreement between [the general contractor, the subcontractor] & the appropriate agency.' " (*Id.*, at p. 854.) The trust funds' complaint alleged a claim under Civil Code section 1559 seeking to enforce the rights of the trust funds as third party beneficiaries of the subcontract.

*Tri Capital* held the trust funds were "attempting to use the California third-party beneficiary statute to enforce the terms of a plan, and [Civ. Code, § 1559] merely supplements the ERISA remedy noted above [i.e., civil suits under 29 U.S.C. § 1132(a)(3) to enforce plans' rights to contributions under 29 U.S.C. § 1145]. Therefore, the state third-party beneficiary remedy is preempted by ERISA." (*Tri Capital, supra*, 25 F.3d at p. 854.)

     (5)   *Summary.*

In sum, ERISA has been held to preempt actions to recover delinquent fringe benefit contributions based on California's mechanic's lien procedure (Civ. Code, § 3111), the stop notice remedy (Civ. Code, §§ 3156 et seq., 3179 et seq.), a licensed contractor's bond (Bus. & Prof. Code, § 7071.5, subd. (d)), and a third party beneficiary theory (Civ. Code, § 1559).

Guided by these ample authorities, we advert to the issue raised by the instant case.

2.   *Action by the Trusts to collect on payment and performance bonds as third party beneficiaries preempted by ERISA.*

█   According to the Trusts, they "have sued to enforce private contract claims as third party beneficiaries of payment and performance bonds issued

---

[4]Civil Code section 1559 states "[a] contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."

by [West] as a private surety." They contend ERISA preempts state laws, not private contracts, and West should be bound by the private contractual obligations it undertook when it issued the bonds.

Even assuming the Trusts are intended beneficiaries (Civ. Code, § 1559), their effort to recover thereon as third party beneficiaries is unavailing. In *Tri Capital.* as here, the trust funds were seeking to enforce their alleged contractual rights as third party beneficiaries of a private contract. (*Tri Capital, supra,* 25 F.3d at p. 854.) *Tri Capital* held the claim to enforce the terms of a plan under a third party beneficiary theory was barred by ERISA because Civil Code section 1559 "merely supplements" the remedy available under ERISA. (25 F.3d at p. 854.)

Accordingly, the fact the Trusts' claim in the instant case is based on private contracts, i.e., the bonds, does not enable the Trusts to avoid ERISA preemption of this action to collect delinquent plan contributions.[5]

3. *Remaining arguments unavailing.*

The fact a third party beneficiary claim may provide an effective and necessary remedy for employee benefit plans is irrelevant. Even state laws which may advance ERISA's underlying purposes are preempted if they fall within ERISA's sphere. (*Mackey* v. *Lanier Collections Agency & Serv.* (1988) 486 U.S. 825, 829-830 [100 L.Ed.2d 836, 843-844, 108 S.Ct. 2182]; *El Capitan, supra,* 53 Cal.3d at p. 1056.)

The Trusts also argue at length that as enacted in 1974, ERISA afforded no right of action against an employer for recovery of delinquent contributions, that such right did not exist until ERISA was amended in 1980, and Congress could not have intended to preempt state law causes of action when it adopted the preemption provision in 1974, or when it amended ERISA in 1980.

The contention does not detain us. The *El Capitan* majority reviewed the pertinent legislative history and rejected this very argument. (*El Capitan, supra,* 53 Cal.3d at p. 1053, fn. 8, see dis. opn. of Broussard, J., at pp. 1059-1060, 1067-1068.) *El Capitan's* determination is binding on this court. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

---

[5]While recognizing that different state statutes were involved, similar attempts to recover on other types of bonds, namely, a stop notice release bond and a licensed contractor's bond, have been rejected on ERISA grounds. (*Developers, Ins., supra,* 11 Cal.App.4th at pp. 1542, 1545-1547; *Carpenters Health & Welfare Trust Fund* v. *Surety Co. supra,* 13 Cal.App.4th at pp. 1408-1409, 1411.)

*El Capitan* explained that "[e]ven in 1974 ERISA contained a cause of action to enforce its terms, section 502 (29 U.S.C. § 1132), and the remedies provided in section 502 of ERISA are *exclusive*. With the addition of section 515 of ERISA (29 U.S.C. § 1145) in 1980, Congress sought only to streamline the process of collecting delinquent contributions *exclusively* under federal law." (*El Capitan, supra,* 53 Cal.3d at p. 1053, fn. 8, italics added.)

The Trusts also argue that irrespective of ERISA preemption of their California statutory remedies, they are entitled to proceed against West on common law theories. The contention is meritless because ERISA's preemption provision applies to decisional as well as statutory state law. (29 U.S.C. § 1144(c)(1).)

It is unnecessary to address the Trusts' remaining arguments.[6]

## DISPOSITION

The judgment is affirmed. Each party to bear respective costs on appeal.

Croskey, J., and Kitching, J., concurred.

Appellants' petition for review by the Supreme Court was denied August 9, 1995. Mosk, J., was of the opinion that the petition should be granted.

---

[6]The Trusts brought the instant state action because they apparently lack an effective remedy under ERISA in these circumstances. The absence of a federal remedy, coupled with ERISA's preemption of state remedies, places the Trusts in what has been described as a regulatory vacuum. (See Widiss & Gostin, *What's Wrong with the ERISA "Vacuum"?: The Case Against Unrestricted Freedom for Employers to Terminate Employee Health Care Plans and to Decide What Coverage is to be Provided When Risk Retention Plans are Established for Health Care* (1992) 41 Drake L.Rev. 635, 640; Martin, *ERISA, the Law That Ate Health Care Reform* (May 1993) Cal.Law. 40, 42; see also *United Wire, etc.* v. *Morristown Mem. Hosp.* (3d Cir. 1993) 995 F.2d 1179, 1197 (dis. opn. of Nygaard, J.) ["without some limits [ERISA's preemption clause] could become a legal [black hole] with an attractive force no state law could resist."].)